First National Bank of Larned, Kansas, v. J. D. McGaughey.

Decided January 25, 1908.

**1.—Fraud—Payment of Check by Bank—Liability.**

One who induces a bank to pay the check of another by false and fraudulent representations that the money is to be used for the purchase of property which would be assets in the hands of the drawer of the check and to such extent security to the bank, is primarily liable to the bank to the extent of the money not used for the purpose represented; and this, irrespective of the solvency or insolvency of the person drawing the check.

**2.—Same—Telegram—Representation—Construction.**

M. sent to a bank the following telegram: "Will you pay C.'s checks for cattle?" to which the bank answered, "Yes." Held, as between the parties, the telegram must be construed to mean checks given in exchange for cattle sold and immediately delivered to C. Such an instrument must be construed most strongly against the party inditing the same.

Appeal from the District Court of Jones County. Tried below before Hon. Cullen P. Higgins.

*H. S. Rogers* and *C. C. Ferrell,* for appellant.—It having been indisputably shown by the evidence that McGaughey received the $1,650 by virtue of a misrepresentation made by him to the appellant, he was primarily liable to appellant for the amount so received. First State Bank of Larned, Kan., v. McGaughey, 38 Texas Civ. App., 495; City Bank of Houston v. First Natl. Bank of Houston, 45 Texas, 217; Alston v. Richardson, 51 Texas, 6; 2 Greenleaf's Ev., sec. 123; 18 Am. & Eng. Ency. of Law, p. 225.

*C. H. Steele* and *Sid. G. Castles,* for appellees.

SPEER, ASSOCIATE JUSTICE.—An examination of the report of this case on a former appeal will disclose the nature of the suit. See First State Bank of Larned, Kansas, v. McGaughey, 38 Texas Civ. App., 495. On that appeal we reversed the judgment of the District Court in sustaining a general demurrer to the bank's petition, thereby holding, of course, that appellant would be entitled to recover upon proof of its allegations. On the last trial the appellant, by reason of special exceptions having been sustained, amended its petition so as to show the insolvency of Clark and that it would probably lose its debt if McGaughey were not held liable. In other respects the petition was substantially the same as that considered by us on the former appeal. Before the last trial McGaughey had died and his administrator was made a party, defendant. The last trial also resulted in a judgment against appellant.

The trial court, following up his ruling on special exceptions to the effect that Clark's insolvency must have been alleged and proved, instructed the jury as follows: "If you believe in this case . . . that said C. W. Clark is now insolvent and said amount, if any, can not be made out of him, then you will find for the plaintiff the amount not so paid for cattle. . . . But . . . if you fail to believe from the evidence that C. W. Clark is insolvent, you will find for the defendant." It will be thus seen that the court treated McGaughey as being secondarily liable only, while the effect of our former decision, and our judgment yet, is that he was liable, if at all, primarily and a recovery against him should not be made to depend upon the contingency of Clark's insolvency or failure to pay. The whole theory of appellant's case, and without the establishment of which no recovery as against McGaughey could be had, is that it had paid Clark's draft under a mistake of fact as to the purposes for which the same had been drawn, and that McGaughey had induced such mistake by his false representations that the check was for cattle. By establishing these things the bank would be entitled to recover against McGaughey directly independently of any consideration of Clark, save of course it could have but one satisfaction.

It is suggested by appellee and argued with great force that under the undisputed evidence no other judgment could have been rendered. The evidence without controversy discloses that a single draft of eight thousand eight hundred and fifty dollars was drawn on appellant by Clark, and that seven thousand two hundred dollars of this amount represented the value of cattle delivered to Clark, and that the remaining one thousand six hundred and fifty dollars was paid as a part payment upon other cattle to be delivered in the future upon Clark's paying the remainder of the purchase price (a very much larger sum), and in the event of his failure so to do the one thousand six hundred and fifty dollars was to be treated as a forfeit. Clark did make default, and the one thousand six hundred and fifty dollars has never been returned to him nor the appellant. We are inclined to hold that the words of limitation

"for cattle," contained in McGaughey's telegram to appellant, meant between the parties that the checks to be drawn against appellant would be given in exchange for cattle sold and delivered by Mc-Gaughey to Clark. McGaughey having chosen the words to express his proposition to appellant, that construction most strongly in favor of the latter should be adopted if there is any doubt as to his real intention. As a limitation upon appellant's liability to pay, the words "for cattle," when used in the connection shown, would have no meaning and the limitation itself would be of no substantial benefit if we should hold otherwise than as above indicated. It may be readily seen that appellant would be willing to pay Clark's drafts for cattle, although he had no funds with it to his credit, if in the transaction Clark actually received such cattle. The cattle in such event would constitute a security or at least an asset to which the bank could look for repayment.

We therefore reverse the judgment of the District Court and render judgment for the appellant.

Justice Stephens does not concur in this conclusion, but agrees with counsel for appellee that the judgment should be affirmed, notwithstanding the error in the charge.

*Reversed and rendered.*

Stephens, Associate Justice, dissenting.

Writ of error refused.